Rathmell, J.
The question arises on demurrer to the petition praying that a writ of mandamus issue commanding Auditor Sayre to issue and deliver a warrant in favor of relator on the treasurer of Franklin county, covering automobile livery hire, alleged to have been incurred and necessary for the proper administration of the d’-cDs of his said office in serving such writs and processes' .as were directed to him as such sheriff.
It appears from the petition that relator filed a full accurate, itemized and verified account-of said livery with the board of cmrntv commissioners as a part of his last quarterly report; that the same was approved and allowed by said board and that a voucher was issued to him for the payment of said livery bill- in the sum of $420; that same was presented to defendant, Sayre, Auditor, with request for .a warrant on the treasurer for its payment and same was refused.
That said automobile livery was engaged from one Charles W. Engle, who, at the time, was engaged in the business of letting automobiles for hire.
It is provided in Section 2997, General Code, as amended April 26th, 1911 (102 O. L., 93), that in addition to his compensation and salary, the commissioners shall make an allowance to the sheriff quarterly (among.other things) for all expense of maintaining horses and vehicles necessary to the'proper administration of the duties of his office. And may allow .his necessary livery hire for the proper administration of the duties of his office.
It is the contention of counsel for defendants that the phrase “livery hire” as used in the statute does not include the hire of automobiles; and can not apply to any expenditure for the hiring of horseless vehicle's.
It is not questioned that an automobile is a vehicle which is subject to hire.
Does the expense account claimed fairly come within the provision for the allowance which may be made for necessary livery hire?
The statute mentioned has for its subject-matter the expense of the sheriff incurred and expended in pursuing or transporting *63 persons accused and convicted of crimes and offenses; conveying and transferring persons to and from certain institutions and places mentioned in the statute; and for the proper administration of the duties of his office, serving civil process, subpoenaing witnesses and the like. In this connection allowance may be made for necessary livery hire for the proper administration of the duties of his office.
It appears clear that by the intent of the statute that livery service necessary for the proper administration of the duties of the sheriff’s office may be paid for by the commissioners.
The word “livery” is used in a number of senses. As the expenses for conveying certain persons and papers is prominent as subject-matter of the statute, it would appear clear that the necessary services imposed by the statute and obtainable from a livery man is the sense in which the word is used.
The Standard Dictionary defines “livery” in one of its accepted senses as “the keeping of horses and'vehicles ready for hire.” A liveryman is one who keeps a “livery stable.” “A livery stable is a building where horses or vehicles are kept or let for hire” (19 A. & E. Eney. of Law, 430). A livery stable “a place where horses and vehicles are kept for hire” (Eng. L. Diet.).
From these definitions it would appear that as “-livery” pertains to the keeping of horses and vehicles ready for hire, or the keeping of horses or vehicles ready for hire, that to constitute “livery hire” it is not necessary that both horses and vehicles be connected with the letting or transaction; that the hire of a horse from a liveryman can constitute “livery hire,” within the unstrained meaning of the definition; and fhe hire of a vehicle would likewise constitute “livery hire.”
It is not uncommon that liverymen keep and maintain automobiles, in connection with horses and carriages, for hire to their customers. And automobiles are maintained alone in stables or buildings for hire.
In 28 Cye., 42, the following definition appears: “The public garage is the modern substitute for the livery stable, and may *64 be defined as a building or inclosure for the care and storage of motor vehicles and in which motor vehicles are kept for hire. ’ ’
Section 13130, General Code, where penalty is provided against hiring certain animals or vehicles with intent to defraud the owner or keeper of a livery stable, “automobile” is mentioned as one of the vehicles within the range of such hiring, which lends some support to the claims than an automobile is there recognized as a proper subject of a liveryman’s business, and hence a subject of “livery hire.”
An automobile is a vehicle; but to insist that “vehicle” in the definition of “livery” is limited in meaning to horse-drawn vehicles, seems hardly warranted in modern usage of the word.
I am of 'the opinion that the expense account claimed, and incurred or alleged, comes fairly within the spirit, provision and intendment of the statute mentioned as “livery hire,” and thereunder within the commissioners’ discretion for allowance.
The demurrer is therefore overruled.